**F I L E D**
**October 13, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN LUIS GUTIERREZ-PALMA,

Defendant-Appellant.

No. 05-2160
(D.C. No. CR-04-2388 JP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MCCONNELL**, and **GORSUCH**, Circuit Judges.

Appellant Juan Luis Gutierrez-Palma seeks reversal of his sentence for

illegally reentering the United States after a previous deportation and a prior

aggravated felony conviction. For the reasons outlined below, we affirm.

I.

Mr. Gutierrez-Palma has had regular contact with law enforcement since

1993 when he turned 18. Most pertinently for our purposes, Mr. Gutierrez-Palma

---

[*]This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The Court
generally disfavors the citation of orders and judgments, but they may be cited
under the terms and conditions of 10th Cir. R. 36.3.

was convicted of possession with intent to distribute cocaine in Colorado in 1994, found to be in the United States illegally, and subsequently deported to his home country of Mexico. He returned to this country, again illegally, and continued to encounter law enforcement, with convictions for driving under the influence of alcohol and assaulting his wife with a handgun. Eventually, authorities charged Mr. Gutierrez-Palma for his second illegal entry into the United States and, on February 3, 2005, he pled guilty to this charge. See 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2).

At sentencing, the District Court calculated that Mr. Gutierrez-Palma qualified for a criminal history category VI and a total offense level of 21 under the Sentencing Guidelines, including a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) for a prior drug trafficking felony. The resulting sentence suggested by the Guidelines: between 57 and 71 months. The District Court opted to impose a sentence at the bottom end of this range, 57 months, despite Mr. Gutierrez-Palma's request for a lower sentence still. The District Court declined Mr. Gutierrez-Palma's request for additional leniency explaining that it was troubled by, among other things, Mr. Gutierrez-Palma's recent third-degree assault conviction for threatening his wife with a gun and his repeated contact with law enforcement.

II.

Mr. Gutierrez-Palma does not dispute the accuracy of the District Court's Guidelines calculations but advances three other arguments meriting mention here: (1) sentences calculated by reference to the Guidelines should not be presumed to qualify as "reasonable" under the terms of United States v. Booker, 543 U.S. 220 (2005); (2) the United States Sentencing Commission's decision to recommend a 16-level enhancement for certain prior felony drug trafficking convictions was arbitrary and too punitive and therefore *per se* unreasonable under Booker; and (3) other courts have imposed sub-Guidelines sentences for similarly situated defendants. We consider each point in turn.

A.

Following the Supreme Court's directive in Booker, we assess sentences for their "reasonableness." See 543 U.S. at 261, 264. But this enterprise, we have explained, ought not be entirely rudderless; instead, our review is guided by the factors set forth in 18 U.S.C. § 3553(a), which include, among other things, the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment. United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006). Mr. Gutierrez-Palma suggests that our review under Section 3553(a) should be conducted without any deference afforded to those sentences falling

within the Guidelines's recommended ranges. But, in the months since Booker, we have already had occasion to consider, and reject, precisely this invitation. Instead, recognizing that the Guidelines embody the policy guidance of the Congress and also serve as a bulwark against vastly divergent sentences for similarly situated defendants, we have held that sentences falling within applicable Guidelines ranges are to be treated as presumptively reasonable. Kristl, 437 F.3d at 1054-55.

B.

Mr. Gutierrez-Palma next contends that the Sentencing Commission's decision in U.S.S.G. § 2L1.2(b)(1)(A)(i) to endorse a 16-level enhancement for prior certain felony drug-trafficking convictions was arbitrarily reached and is unduly harsh; accordingly, Mr. Gutierrez-Palma argues, the District Court's application of such an enhancement was *per se* "unreasonable" under Booker. Again, however, this argument is foreclosed by our post-Booker case law. We have explained that the moving party -- here, Mr. Gutierrez-Palma -- bears the burden of rebutting the presumption of reasonableness attaching to a Guidelines-based sentence. See Kristl, 437 F. 3d at 1054-55. We have further explained that the moving party must demonstrate the unreasonableness of a Guidelines-based sentence with specific reference to the factors delineated in Section 3553(a) and the facts of the case at hand. See United States v. Cage, 451 F.3d 585, 591, 594-95 (10th Cir. 2006). In his argument that the 16-level enhancement prescribed by

- 4 -

the Guidelines is *per se* unreasonable, however, Mr. Gutierrez-Palma has expressed a simple (if strong) policy disagreement with the Sentencing Commission's penal choices, seeking to overturn not a single sentence but all sentences rendered pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). Such complaints are better directed at those entities -- Congress and the Commission -- charged with making the necessarily difficult decisions about the proper intersection between penal policy and immigration enforcement, decisions that often involve the weighing of competing and incommensurable social objectives such as deterring unlawful immigration by repeat criminal offenders and husbanding the limited resources of the criminal justice system, to name just two. It is not our role to substitute our policy views about such matters for those of elected officials or their designees. Instead, we will look behind a sentence that conforms with the Guidelines only in cases where the moving party demonstrates that the sentence, under the particularized facts and circumstances of the case at hand, fails fairly to account for the nature and circumstances of the defendant's particular offense, his or her criminal history, and the other case-specific Section 3553(a) factors Congress has charged us with applying.[1]

---

[1] "We reject the concept that we, as judges, should determine 'reasonableness' under § 3553(a) without reference to the fact that the Guidelines represent a critical advisory aspect of the § 3553(a) factors . . . . Booker should not be interpreted to exempt appellate courts from the influence of Congress's sentiments about reasonableness in sentencing." Cage, 451 F.3d at 594.

Finally, Mr. Gutierrez-Palma argues that other courts have imposed much lower, sub-Guidelines sentences for similarly situated defendants and that this fact should inform the Court's evaluation of his sentence. While this may be an appropriate case-specific argument for our evaluation under Section 3553(a), Mr. Gutierrez-Palma fails to point us to a truly comparable case suggesting an inequity in his.

Mr. Gutierrez-Palma relies primarily on United States v. Perez-Nunez, 368 F. Supp. 2d 1265 (D. N.M. 2005), where the defendant received a 24-month sentence for an illegal reentry, rather than, as here, 57 months. While there is no gainsaying that similarities exist between Perez-Nunez and this case, the District Court's careful analysis of this case reveals dispositive differences. For example, Mr. Gutierrez-Palma was previously convicted of the felony of possession with intent to distribute cocaine; before his first deportation, Mr. Perez-Nunez was convicted merely of a misdemeanor -- one involving throwing a rock through the rear window of a sports-utility vehicle after the driver attempted to run him over four times. Id. at 1266. Indeed, it was precisely the "relatively benign" nature of the misdemeanor Perez-Nunez committed that convinced the District Court in his case to adopt a sub-Guidelines sentence. Id. at 1269. Mr. Gutierrez-Palma also has a recent conviction for assaulting his wife with a gun; we have been pointed to no similar blemish in Mr. Perez-Nunez's record. The District Court in our case

noted (and appellant does not dispute) that Mr. Gutierrez-Palma has had continuous contact with law enforcement since the age of 18; again, appellant has cited no such comparable evidence in Perez-Nunez.

***

Mr. Gutierrez-Palma complains that "the nature and circumstances of the offense" -- involving the illegal entry into this country for a second time after the commission of an aggravated felony here -- "are unremarkable in all respects." Aplt. Br. at 13. However that may be, Mr. Gutierrez-Palma has supplied us with no reason to conclude that the sentence he received was itself anything other than unremarkable -- consistent with the low-end of the Guidelines and imposed by the District Court only after a careful review of the pertinent Section 3553(a) factors, including his individualized criminal history. Accordingly, the judgment of the District Court is AFFIRMED.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge